## DIEROLF vs. WINTERFIELD.

*Attachment Proceedings.*

After an attachment defendant has regained possession of the property, by giving the undertaking required for the purpose (R. S. ch. 130, § 21), his traverse of the affidavit for attachment may properly be stricken from the record, being no longer of any importance.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff, *Henrietta Dierolf*, obtained a writ of attachment against the goods of the defendant in this cause, upon an affidavit that he was justly indebted, etc., and that she had good reason to believe that he was "about to assign, dispose of, and conceal his property, with intent to defraud his creditors." Property of the defendant having been seized upon the writ, he gave the undertaking required by the statute, and the property was released to him. Afterward he filed an answer, traversing so much of plaintiff's affidavit as alleged that he was about to assign, etc. ; but, on plaintiff's motion, he was ordered to show cause why this answer should not be stricken from the files ; and, after a hearing, the court made an order, striking it from the files ; from which, defendant appealed.

*E. Fox Cook*, for appellant, relied on R. S., ch. 130, §§ 9, 10, 21, 23–27.

*H. C. Runkel* (with *M. G. Smith*, of counsel), for respondent, relied on R. S., ch. 130, § 22 ; and also cited Drake on Attachment, § 312 ; 7 How. (Miss.) 467 ; *Childress v. Fowler*, 9 Ark. 159 ; *Gillespie v. Clark*, 1 Tenn. 2 ; *Harper v. Bell*, 2 Bibb, 221 ; *People v. Cameron*, 7 Ill. 468 ; *Fife v. Clark*, 3 McCord, 347 ; *Reynolds v. Jordan*, 19 Ga. 436 ; *Wharton v. Conger*, 9 Sm. & M. 510 ; *Barry v. Foyles*, 1 Peters, 311 ; *Payne v. Snell*, 3 Mo. 409.

PAINE, J.    The traverse of the facts alleged as ground for the attachment was properly stricken off.    The statute provides two modes by which a party whose property is attached may obtain possession : one, by giving the undertaking provided for in section 21, chapter 130, R. S. ; the other by a traverse of the plaintiff's affidavit, and a trial of that issue, as provided in sections 23, 24, 25 and 26 of the same chapter.    But it obviously was not designed that, after adopting the first mode, the defendant should also pursue the latter.    After he has given the undertaking and obtained possession of the property, the undertaking stands in the place of the attachment. There is no function for a traverse, and a trial of it, afterwards to serve.    And the statute itself declares that, after the undertaking is given, the suit shall be conducted " as though no attachment had been issued."

The adoption of the one remedy was a waiver of the other.    If the defendant sustained any damages by the attachment, he could have them assessed in case he recovered in the action on the trial on the merits, in pursuance of section 27.    The authorities cited by the respondent's counsel fully sustain this conclusion.

*By the Court.* — The order appealed from is affirmed.