Smith, Respondent, vs. Thewalt, Appellant.

*October 25—November 14, 1905.*

*Offer of judgment: Acceptance: Time limited.*

Under sec. 2789, Stats. 1898, an offer of judgment is to be deemed withdrawn if not accepted within ten days after it is made; and a subsequent notice of acceptance does not entitle plaintiff to judgment.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

This action was commenced March 29, 1904, to recover damages for the conversion of certain personal property of the alleged value of $300. The defendant answered by way of admissions, denials, and counter allegations. April 20, 1904, the defendant, by his attorneys, served upon the plaintiff's attorneys an offer in writing to allow judgment to be taken against him in this action for the sum of $15, with costs. December 5, 1904, the plaintiff, by his attorneys, served written notice on the defendant's attorneys to the effect that he thereby accepted the offer and tender of judgment made in this action April 20, 1904, for $15, together with costs. Thereupon and on January 7, 1905, on application of the plaintiff's attorneys, it was ordered by the court that judgment be entered therein in favor of the plaintiff and against the defendant in accordance with the defendant's offer of judgment and the plaintiff's acceptance thereof as provided by law. Pursuant to such order judgment was entered therein in favor of the plaintiff and against the defendant for $15 damages and $5.60 costs. From that judgment the defendant appeals.

For the appellant there was a brief by *Phillips & Hicks,* and oral argument by *E. R. Hicks.*

For the respondent there was a brief by *Eaton & Eaton,* and oral argument by *M. H. Eaton.*

CASSODAY, C. J. The entry of the judgment is sought to be justified by the statute. Sec. 2789, Stats. 1898. It is conceded that, about the time the defendant was required to answer, he served "upon the plaintiff an offer, in writing, to allow judgment to be taken against him for the sum . . . therein specified, with costs," as prescribed in the first clause of that section. It is, moreover, conceded that the plaintiff did not accept such offer until seven and one half months afterwards. The defendant claims that, as the plaintiff

failed to "accept the offer and give notice thereof in writing,
. . . within ten days" after the offer was made, he must be
"deemed" to have "withdrawn" the offer; and hence that the
order for judgment was made without authority of law.   This
claim is based upon the portion of the section which declares
that:

"If the plaintiff accepts the offer and give notice thereof
in writing, before trial, within ten days, he may file the sum-
mons, complaint and offer, with an affidavit of service of the
notice of acceptance, and the clerk must thereupon enter judg-
ment accordingly.   If notice of acceptance be not given, the
offer is deemed to be withdrawn and cannot be given as evi-
dence nor mentioned on the trial, and if the plaintiff fail to
obtain a more favorable judgment he cannot recover costs, but
must pay defendant's costs from the time of the offer."

The first portion of this language is not as clear as it might
have been, but the obvious purpose of the section was to pre-
vent a trial and to authorize the plaintiff to "enter judgment"
without trial in case he accepted the offer and gave notice
thereof in writing within the time therein specified.    Of
course, to prevent a trial and authorize such entry of judg-
ment, the acceptance, as well as the offer, had to be made be-
fore trial.   The acceptance was to be "within ten days" after
some other occurrence; and that other occurrence was obvi-
ously the defendant's offer to allow judgment.   This is made
more clear by the last portion of the section, which provides
that, "if notice of acceptance be not given, the offer is deemed
to be withdrawn;" and the case is then for trial, with the lia-
bility of the plaintiff to pay the "defendant's costs from the
time of the offer," in case he fails "to obtain a more favorable
judgment" than was thus offered.   Such is the construction
given by this court to substantially the same statute many
years ago.   *Sellers v. Union L. Co.* 36 Wis. 398, 401.   The
same construction is placed upon the section in Bryant's Wis.
Code Pr. § 536.   It is there said that the plaintiff "must
give notice within ten days after service of the offer, or he is

deemed to have rejected it." We must hold that the defendant's offer to allow judgment was rejected by the plaintiff several months before the plaintiff gave notice of acceptance; and hence that the order upon which the judgment was entered was made without authority of law.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for trial.