Landauer, Respondent, vs. Kasik, Appellant.

*December 9, 1913—January 13, 1914.*

*Appeal: Harmless errors: Evidence: Admissions in pleadings: Tender of judgment: Special verdict: Form: Duplicity or indefiniteness in question.*

1. Where plaintiff's demand and his right to recover thereon were admitted by the answer, error in the admission of incompetent evidence to establish them was entirely immaterial and nonprejudicial.

2. In an action to recover a balance of $2,414.28 alleged to be due upon the sale of goods of the value of $2,721.40, defendant answered admitting the sale but alleging that the goods were worth only $2,716.49 (which would leave a balance of $2,409.37 on the sale). In a counterclaim for $2,396.92, he admitted that he owed plaintiff "the balance between $2,409.37 and $2,396.92, or the sum of $12.95," and tendered judgment therefor. *Held*, that the admission in the answer was sufficient to warrant judgment for plaintiff thereon, and that the admission in the counterclaim was both a tender of judgment and an admission of the amount due.

3. In a counterclaim defendant alleged that he worked for plaintiff for a year at a salary of $4,000, of which a part remained unpaid. There was evidence tending to show that defendant was to receive that salary, but plaintiff's evidence tended to show that the salary was to be $4,000 only in case the commissions on sales made by defendant amounted to that sum, which they did not. Unless defendant was to receive a salary of $4,000 independent of commissions, he showed no right to recover. As to a question in the special verdict, "Was the agreement between the parties . . . for a straight salary of $4,000, not dependent upon a commission?" the court charged that if the jury were satisfied that the parties agreed that "defendant should receive a straight salary of $4,000, not dependent upon the amount of goods to be sold by him, that is, upon a commission," the question should be answered Yes, otherwise it must be answered No. Held, that in the light of the evidence and the charge a negative answer by the jury was a sufficiently definite finding and negatived the right of the defendant to recover on his counterclaim.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. Affirmed.

William E. Burke, for the appellant.

Frank M. Hoyt, for the respondent.

TIMLIN, J. The complaint was for goods, wares, and merchandise of the reasonable value of $2,721.40 sold and delivered by plaintiff to defendant on and between April 4 and June 13, 1911, upon which there was paid $307.12, leaving due $2,414.28. The answer admitted "that between said dates plaintiff sold and delivered to the defendant certain goods, wares, and merchandise as alleged in his complaint, but defendant alleges in that behalf that the correct reasonable value of such goods, wares, and merchandise was the sum of $2,716.49." A counterclaim was then set forth by which the defendant averred a contract in writing with the plaintiff, "wherein and whereby said plaintiff employed this defendant to work for him for a period of one year from said 1st day of October, 1910, at and for the agreed salary of $4,000 per year, to be payable in equal in-

stalments of $333.33 per month." It was further averred that defendant continued in the employment of the plaintiff for one year and received $1,903.08, leaving due him $2,096.92, and that defendant also paid $300 to the use of the plaintiff, and counterclaims for $2,396.92. Defendant avers: "This defendant admits owing to the plaintiff the balance between $2,409.37 and $2,396.92, or the sum of $12.95," for which he offers judgment. The written contracts were lost. The evidence on the part of the defendant relating to this counterclaim tended to show that the contract of employment was for a salary of $4,000, together with a commission of five per cent. on sales in excess of $50,000, defendant to pay his own expenses. But the sales fell far short of $50,000. The evidence on the part of the plaintiff tended to show that the contract of employment in question was solely upon a commission of eight per cent. of the amount of sales made by defendant, the plaintiff to advance $333.33 per month and charge the same against defendant's commissions. There was another version of the contract which some disconnected admissions of the parties tended to support, namely, that there was a contract for $4,000 salary to be measured by commissions, that is to say, the defendant should have $4,000 salary provided his sales amounted to $50,000, out of which salary he must pay his traveling expenses.

There being no question about plaintiff's right to recover on the pleadings, the issues on the counterclaim were, without objection from either counsel, submitted on a special verdict framed and answered as follows:

"(1) Was the agreement between the parties made on or about October 1, 1910, for a straight salary of $4,000, not dependent upon a commission? A. No.

"(2) Was the contract between the parties terminated on or before June 1, 1911? A. No.

"(3) Was a settlement made between the parties as to any contract for services on or about June 1, 1911? A. No."

The court instructed the jury relative to the first question of the verdict as follows:

"If you are satisfied to a reasonable certainty by a fair preponderance of the evidence that the plaintiff and defendant agreed on or about October 1, 1910, that for the following year the defendant should receive a straight salary of $4,000, not dependent upon the amount of goods to be sold by him, that is, upon a commission, then you will answer this question 'Yes;' otherwise you must answer it 'No.'"

It seems best to treat the cause of action set forth in the complaint and that set forth in the counterclaim separately.

Oral evidence was erroneously admitted to prove the plaintiff's bankruptcy, and thereafter a copy of an order of the federal court, not certified according to the state law or to the act of Congress, was erroneously admitted to prove a composition with creditors and the revesting in plaintiff of his property, including the chose in action sued on. These two errors were entirely immaterial and nonprejudicial. The plaintiff's demand and his right to recover thereon were admitted by the pleadings, and, rejecting either or both the matters attempted to be established by this incompetent evidence, the court was still bound to give judgment for the plaintiff on his demand so long as the pleadings authorized no other disposition of the case. These rulings furnish a very good illustration of a class of nonprejudicial errors.

It is argued that the admission in the answer is not sufficient to bring about this result and that the admission in the counterclaim is an offer of judgment. But we cannot agree with either position. We consider the admission in the answer sufficient to warrant judgment for the plaintiff thereon, and the admission in the counterclaim to perform the double office of a tender of judgment and an admission of the amount due.

With reference to the counterclaim, it is contended by appellant that the court erred in refusing to grant his motion

for allowance of the counterclaim, and in the alternative in denying his motion for a new trial, the latter on the ground that the first question with its answer is double, indefinite, and uncertain, and may be construed to mean either that the agreement between the parties was dependent upon commissions or that it was for a straight salary without commissions. No objection was made below to the form of verdict and it must therefore be considered to have been satisfactory to both parties. The verdict further must be taken to be in response to the pleadings and evidence and in support of the judgment if it will reasonably bear that construction. The learned circuit judge evidently had in mind the difference between a salary of $4,000 dependent upon commissions reaching that sum and a straight salary of $4,000 independent of commissions. The latter was the salary claimed by defendant in his counterclaim. If he had no agreement for a salary of $4,000 independent of or not dependent upon commissions, he showed no right to recover. It was not an improper description of the demand set forth in the counterclaim to term it "a salary of $4,000 not dependent upon commission." We think the answer to this question negatived the right of the defendant to recover on his counterclaim, and, interpreted by the evidence and as explained by the charge, the finding is sufficiently definite. With this negation of the contract claimed by defendant and no evidence of damages by loss of commissions or of profits over expenses or otherwise, the counterclaim was effectually disposed of. There was nothing to submit to the jury in the way of damages, and the answers to the second and third questions became immaterial.

*By the Court.*—Judgment affirmed.