TULLGREN and others, Respondents, vs. KARGER and another, Appellants.

*January 11—February 8, 1921.*

*Contracts: Action to recover architects' fees: Evidence: Judicial knowledge of value of services: Offer of judgment: Form: Offer as part of answer: Effect.*

1. In an action to recover for architects' services, consisting of consultations, making of sketches, etc., a court cannot take judicial notice of their reasonable value, such value not being a subject of general knowledge.
2. Neither jurors nor trial courts in arriving at their conclusions of fact can properly act upon their special individual knowledge as to matters which are not of common knowledge; and in matters outside of the field of general knowledge and in cases where the testimony of experts and those particularly familiar with the matters at issue is necessary, the findings of all triers of fact, either court or jury, must be based upon testimony of witnesses or other evidence made a part of the record. The only exception to the rule is in cases where a trial court exercises his independent judgment as to the value of attorneys' services rendered in a case before him.
3. Where defendants in an action by architects to recover for services rendered admitted liability in the amount of $200, the plaintiffs basing their action on an express contract for $1,750, and the court rendered judgment for $600 for plaintiffs, for which there was no basis in the evidence, on appeal defendants were bound by their admission of liability for $200 and plaintiffs were entitled to judgment for that sum, even though they insisted on appeal that there was an express contract for the larger amount.
4. Although defendants in their answer offer "to allow judgment to be taken against them in this action for the sum of $200 with costs," such offer cannot be considered as an offer of

judgment under sec. 2789, Stats., or as having any effect upon plaintiffs' right to costs in the trial court, as the offer of judgment under such statute must be embodied in some other document than the answer itself.

5. If an offer of judgment under said sec. 2789 is not accepted within the ten-day period fixed by that section it must be withdrawn from all consideration of the court and cannot be used in evidence in any way, nor can it be subsequently accepted after the period limited; but when an offer of judgment is embodied in an answer it becomes a part of the pleading, is properly before the court, and may be offered in evidence and considered by the jury during the trial.

APPEAL from a judgment of the circuit court for Milwaukee county: HENRY GRAASS, Judge. *Reversed.*

The plaintiffs, copartners and architects, sued defendants to recover $1,750 alleged to be the reasonable value of their services between December 1, 1917, and February 1, 1918. The complaint alleged as to such services that they "consisted of consultations, forming and drafting sketches, completed plans and specifications, and receiving proposals for the erection and construction of a building for the defendants."

The answer, among other things, admitted "that the plaintiffs rendered architectural services consisting of consultation and forming and drafting sketches at the special instance and request of the defendants as copartners, which services were reasonably worth not to exceed $200. . . ." It further alleged that plaintiffs were requested to complete plans and specifications and receive proposals for the erection and construction of a building for defendants, and that such services were retained solely and only by way of preliminary sketches and advice, and no more. It also alleged that the plaintiffs were informed that under no circumstances would or could the defendants expend more than $50,000 in the erection of the proposed building, and that it was represented by plaintiffs to defendants that such could be erected at a cost of not to exceed $50,000, but shortly thereafter defendants were informed that such would cost

about $68,000, whereupon the defendants notified plaintiffs to cease all work in the premises.

This further allegation also appeared in the answer:

"4. The defendants admit that they have not paid the plaintiffs anything on account of services, and hereby offer to allow judgment to be taken against them in this action for the sum of $200 with costs."

The case was tried without a jury and the court found in substance:

First, that the plaintiffs rendered architectural services consisting of consultations, the forming and drafting of sketches, completed plans and specifications, and receiving of proposals for the erection and construction of defendants' building.

Second, that said services were reasonably worth the sum of $1,750.

Third, that the minds of the parties did not meet and form a contract as to all of said services.

Fourth, that the minds of the parties did meet and form a contract as to that part of said services which consists of consultations, the making of preliminary sketches and drawings, the securing of bids or proposals to procure an approximate or estimated cost of a concrete-constructed building.

Fifth, that the services rendered by plaintiffs under the last above finding were at defendants' instance and request and are reasonably worth the sum of $600.

Sixth, that the minds of the parties did not meet and form a contract as to the part of the services which consisted of a detailed plan and specifications and bids for the purpose of making binding contracts for the erection of a concrete-constructed building.

As conclusion of law, that the plaintiffs are entitled to judgment against the defendants for said sum of $600 with interest and costs.

The defendants appealed from the judgment entered in accordance therewith.

The plaintiffs gave notice, under sec. 3049a, Stats., that they would ask for a review and modification of the findings so far as the same prevented the entry of judgment in their favor for $1,750.

For the appellants there was a brief by *Schmitz, Wild & Gross* of Milwaukee, and oral argument by *Robert Wild.*

For the respondents there was a brief by *Churchill, Bennett & Churchill* of Milwaukee, and oral argument by *W. H. Churchill.*

ESCHWEILER, J.   The plaintiffs contend, under their motion to review the judgment, that the finding by the trial court to the effect that the contract between the parties was for but a part and not for all of the services actually rendered by the plaintiffs was erroneous and should have been set aside as contrary to the weight of the evidence; that then a finding should be made that the services which were in fact rendered were all under the contract, and, the value being fixed at $1,750, that amount should be allowed as damages.

There is no dispute but that when defendants went to plaintiffs' office and arranged with them for their professional services the defendants had not then purchased or decided upon the purchase of any particular lot on which to erect a factory building.   It is also without dispute that some sum was mentioned by defendants as being the maximum cost of any building which they could undertake to erect. It is also without dispute that sometime prior to the receiving by plaintiffs of sealed bids from contractors to do the work under the completed plans and specifications which they had finally prepared, the defendants had abandoned the idea of putting up a building of their own and had made arrangements for the leasing of one.

There is sharp dispute between the witnesses as to whether or not the defendants did, after the completion of the preliminary sketches and the stating by plaintiffs of the approxi-

mate cost of a building which could be completed either under mill or concrete construction according to the general outline and scope of such preliminary sketches, direct the plaintiffs to proceed to completion with the plans, sketches, and specifications upon which complete and final bids might be received. There is also no question but that a very substantial part of the services rendered and performed by the plaintiffs were rendered subsequent to such order, if any such were given. The trial court was of opinion, as is evident from his written opinion and findings, that the plaintiffs had not met the burden of proof required of them as to their theory of the contract.

An examination of the record does not convince us that the trial court was wrong in so deciding, and his conclusions, therefore, in that regard must be and are upheld.

In the disposition of this case, therefore, it must be assumed that the entire services rendered by the defendants and found to be of the reasonable value of $1,750 were not rendered under and pursuant to the contract between the parties, but consisted in large part of matters and services in excess of those for which plaintiffs contracted and agreed to pay.

The issue as to whether the services were of the wide extent claimed by the plaintiffs or of the more restricted nature claimed by defendants, was squarely presented by the pleadings and was present all through the trial. It was of course incumbent upon plaintiffs, if entitled to recover under either theory of the case, to present to the court competent evidence upon which a proper assessment of damages might be made. The plaintiffs evidently elected to stand squarely upon their view and position as to the contract between the parties, and upon that alone. Plaintiffs continue to so stand upon that view, both by their motions in the trial court after trial and their motion to review here, no request for a new trial being made. Their entire evidence, both that by the plaintiffs themselves and by the architects

called by them to also testify as experts as to the reasonable and customary charge for such services in the locality where they were rendered, all was to the effect that such charge was a rate of three and one-half per cent. upon the approximate cost of the proposed building. All the witnesses included as necessary and essential elements of such method of computation and rate the entire services as rendered by plaintiffs, and to the full extent thereof, rather than of or upon the limited services under such a contract as was found by the court.

The difficulty now presented, however, is that, while such method of computation would fit the situation covering the entire services, it affords no basis upon which a court or jury could properly arrive at an estimate as to the value of the services necessarily performed within the restricted field covered by the narrower contract as found by the court. There is no testimony as to the amount of time necessarily spent in the performance of the contract as so limited or any customary rate of compensation for such limited services. There is nothing from which it is possible to say that the amount done under that contract was any certain or definite proportion of the entire work done and services rendered.

The court being confronted with this dilemma and evidently considering that it became his duty to assess damages in some amount to the plaintiffs, it being conceded by the pleadings that they were entitled to some, then determined that in his judgment the value of such services was $600. No basis is suggested in the opinion of the trial court nor by respondents here by which the sum of $600 can be arrived at as such valuation rather than $500 or $700 or any other sum.

The value of such services as were here rendered by plaintiffs was not a subject of general knowledge or such as comes within the wide field wherein courts can take judicial notice of certain classes of facts. The very nature of plaintiffs' evidence as to the value of such services shows

that proper proof of the measure of compensation in such matters is peculiarly one requiring the evidence of those familiar as experts with such work and the customary pay therefor in the particular locality where rendered.

That the trial court had knowledge from personal experience as to the reasonable value of services such as were rendered by the plaintiffs under the contract does not appear in the record. Though a trial court has particular personal knowledge or experience in such line of work from which he would be qualified to form a judgment upon such a matter, even then such particular personal experience could not be used as a basis for making such a finding. Neither jurors nor trial courts in arriving at their conclusions of fact in any particular case can properly act upon their special individual knowledge as to matters which are not of common knowledge.

In matters outside of the field of general knowledge and in cases where the testimony of experts or those particularly familiar with the matters at issue is necessary, the findings of all triers of fact, either court or jury, must be based upon testimony of witnesses or other evidence made a part of the record. *Kuder v. Waukesha Co.* 172 Wis. 141, 178 N. W. 249; *Menn v. State,* 132 Wis. 61, 64, 112 N. W. 38; *Shafer v. Eau Claire,* 105 Wis. 239, 243, 81 N. W. 409; *Johnson v. Superior R. T. R. Co.* 91 Wis. 233, 237, 64 N. W. 753; *Sherman v. Menominee River L. Co.* 77 Wis. 14, 22, 45 N. W. 1079; Jones, Evidence (2d ed.) § 133.

In such a situation as here presented neither court nor jury has any more right to arrive at a conclusion of their own without testimony to support it than has a court or jury to disregard competent proper evidence as to the value of services where there is no contradiction thereof in the record. *Ladd v. Witte,* 116 Wis. 35, 40, 92 N. W. 365. It is only in cases where the value of attorneys' services is at issue that a trial court may exercise his own independent judgment as to the value of such services so far as they were rendered in

the case before him. There is good reason for such a rule
and it has been often recognized. *Larscheid v. Kittell,* 142
Wis. 172, 177, 125 N. W. 442; 2 Ruling Case Law, 1060;
6 Corp. Jur. 764.

The defendants' answer, quoted in the above statement of
facts, contained allegations which should and must be treated
as an admission to the effect that the sum of $200 was due
to plaintiffs for their services. Upon such admission the
plaintiffs might have moved the court under sec. 2892, Stats.,
for an order requiring the immediate payment of the amount
so admitted, and such order could be enforced under the
express provisions of said section, as might be a judgment
or provisional remedy.

Such admissions of liability as were made by the defend-
ants in their answer herein are still binding upon them, and
upon such admissions the plaintiffs were and are entitled to
a judgment for the sum of $200, together with interest from
the commencement of this action and their costs in the
circuit court.

Although the defendants use language in their answer
whereby they "offer to allow judgment to be taken against
them in this action for the sum of $200 with costs," still
such language, when used in such a formal pleading as an
answer, cannot be considered as an offer of judgment under
sec. 2789, Stats., or as having any effect upon plaintiffs'
right to costs in the trial court or in any other regard.

Under said sec. 2789, Stats., the offer of judgment therein
provided for must necessarily be embodied in some other
document than the answer itself, for if such statutory offer
of judgment is not accepted within the limited period it
must be withdrawn from all consideration of the court until
after trial, and cannot be used in evidence in any way
(*Bourda v. Jones,* 110 Wis. 52, 59, 85 N. W. 671) ; nor can
it be subsequently accepted after the period limited in the
statute. *Smith v. Thewalt,* 126 Wis. 176, 105 N. W. 662.

But when, as here, such alleged offer of judgment is

embodied in the answer itself, it becomes a part of the pleadings and therefore of the record of the case and is properly before the court, and may be offered in evidence and considered by the jury during the trial. *Schoette v. Drake*, 139 Wis. 18, 22, 120 N. W. 393, and cases there cited; *Sims v. Mutual F. Ins. Co.* 101 Wis. 586, 589, 77 N. W. 908.

The language used in the case of *Landauer v. Kasik*, 155 Wis. 376, 144 N. W. 974, suggesting that a somewhat similar admission in the answer there before the court might be considered an offer of judgment as well as an admission, must be deemed qualified to the extent herein indicated.

*By the Court.*—Judgment reversed, and the cause remanded with directions to enter judgment for plaintiffs in accordance herewith.