HOLSAPPLE, Appellant, vs. SCOFIELD, Respondent.

*March 15—April 11, 1922.*

*Physicians and surgeons: Compensation of dentist: Services rendered in workmanlike manner: Expert testimony.*

1. A dentist who performs services for a patient in a good, workmanlike manner and in accordance with the recognized and established. practice of those of the same profession in his locality, is entitled to the reasonable value of such services.
2. The issue in such a case is one upon which expert rather than lay evidence is necessary.
3. In an action for services in extracting teeth and making an artificial set, where the uncontradicted evidence of expert witnesses was to the effect that satisfactory results could not be expected during the short time defendant attempted to use the teeth, and defendant herself testified that she refused to try them further, a verdict for the defendant should have been set aside and plaintiff's motion for judgment granted.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

This action was originally brought in justice's court to recover for services rendered and materials furnished by plaintiff as dentist for. and to defendant. The amount of the bill was $83, upon which defendant had paid $16, such sum being the. total of certain items of plaintiff's bill which were designated as materials.

The only answer in the record appears to have been an oral one interposed in justice's court, consisting of a general denial and a counterclaim for the return of the $16 paid.

From a judgment for plaintiff in justice's court defendant appealed to the circuit court, where a trial was had before a jury. The special verdict was as follows:

"(1) Did the plaintiff, in performing · the services for the defendant in connection with furnishing her a set of artificial teeth, exercise such care, judgment, and skill as dentists in this community in good standing in their profession usually exercise in performing similar services? *A.* No.

"(2) What were the services rendered by the plaintiff for the defendant in connection with pulling her teeth and making and furnishing her a set of artificial teeth, as shown by the testimony, reasonably worth over and above the sum of sixteen dollars which he has already received? *A.* No more."

After verdict motions were made by the respective parties and thereafter judgment granted on the verdict in favor of the defendant dismissing the action upon the merits, and from such judgment plaintiff has appealed.

The cause was submitted for the appellant on the brief of *Fisher & Geffs* of Janesville, and for the respondent on that of *Edward H. Ryan* of Janesville.

ESCHWEILER, J.    The defendant, a lady of over seventy, advised with plaintiff with reference to extracting her six remaining teeth in the lower jaw and making a set of artificial teeth for the lower and the upper jaws. She had for some time prior thereto been using an artificial upper plate.

The plaintiff extracted defendant's six teeth and very shortly after proceeded to take the necessary impressions of the upper and lower jaws for the manufacture of the two plates, which were made and tried in defendant's mouth. Several readjustments were made, none of which succeeded in making the sets of teeth satisfactory to the defendant, and after she had worn or tried them in all about four days she sent them back to plaintiff and refused to pay the balance of the bill.

Plaintiff, in addition to his own testimony, called three dentists as experts, and the substance of their testimony was that after extraction of so many teeth there would be a shrinkage of the substance that surrounded the roots of the teeth and that such process takes considerable time and is slower in those of advanced years. That until there is such final settlement there can be no immediate complete or perfect adjustment of an artificial set of teeth and that changes

are required from time to time until there is a final settlement of the process, and often new plates are then required. That it requires considerable time for a person to adjust himself to such a lower plate. The teeth made by the plaintiff were in evidence in the court below although not returned with the record here. The dentists testified that the materials and workmanship were good, and the articulation, that is the manner in which the teeth came together in the mouth, was properly arranged, and that the price charged by plaintiff was reasonable. They also testified that, although in this particular set the upper teeth projected over the lower set, such was normal, usual, and proper.

The defendant called no one who had any special or expert knowledge as to the nature of such work. The evidence offered on defendant's behalf was to the effect that the teeth did not fit properly in the mouth and that the upper jaw projected too far beyond the lower, and she herself testified that at the times she was trying to use the set the lower plate caused her great inconvenience, pain, and soreness.

If the plaintiff performed the dental service for the defendant and did the same in good, workmanlike manner in accordance with the recognized and established practice of those in the same profession in his locality, he became entitled to the reasonable value of his services.

We must hold in this case that the issue here presented was one upon which expert rather than lay evidence was necessary. *Krueger v. Chase,* 172 Wis. 163, 168, 177 N. W. 510. The testimony of those familiar with that kind of work and services was all one way and to the effect that it was in accordance with the recognized standard of skill in that locality.

It is uncontradicted that a satisfactory result could not in the nature of things be expected during the short time in which defendant attempted to try the teeth furnished by plaintiff, and she herself testifies that she refused to continue any further. The motion, therefore, by plaintiff

to set aside the answers of the jury to the two questions of the special verdict as being unsupported by the evidence should have been granted for the reason that in such class of cases neither court nor jury can use their own individual views nor those of persons unfamiliar with such particular subjects as proper basis for their findings as against the un- contradicted and unimpeached testimony of those who are qualified to know and speak on such subject. Such have been the rulings in surgical cases, such as *Wurdemann v. Barnes,* 92 Wis. 206, 207, 66 N. W. 111; *Ladd v. Witte,* 116 Wis. 35, 40, 92 N. W. 365; and as to architects' serv- ices, in *Tullgren v. Karger,* 173 Wis. 288, 294, 181 N. W. 232.

It follows that the court should have set aside the verdict and have granted plaintiff's motion for the amount asked in the complaint.

*By the Court.*—Judgment reversed, and cause remanded with directions to render judgment for plaintiff.