Thompson, Respondent, vs. Royal Indemnity Company, Appellant.

*September 12—October 9, 1928.*

For the appellant there was a brief by *Knowles & Doolittle* of River Falls, and oral argument by *L. S. Doolittle*. *W. G. Haddow* of Ellsworth, for the respondent.

Eschweiler, J.   The undertaking or bond upon which the defendant here was held liable in this action recited that it was for the release of the attachment in such other action; that certain property of the defendants therein had been

taken by the writ of attachment and was held by the sheriff; that such defendants desired a release of such property; and that to obtain such release the defendant here thereby undertook and became bound to the plaintiff, here and there, "that it will, on demand, pay to the plaintiff the amount of the judgment with all costs that may be recovered against defendants in this action not exceeding $775 with interest thereon."

Defendants were successful in their traverse of the affidavit for the attachment and the plaintiff was successful in the main action, where he had judgment against the principal defendants for his claim, less the amount allowed the defendants on the traverse. Plaintiff caused execution to be issued on such judgment, and, there being a return of nothing found, this action was brought upon the said bond.

The trial court held with plaintiff's contention that the undertaking was absolute and unconditional. The appellant contends that, the defendants having succeeded in their traverse in the attachment action, the liability on this bond became thereupon discharged.

The bond in question was given pursuant to the provisions of sec. 266.16, Stats., providing for the giving of an undertaking for the release of such attached property, and which undertaking shall be to the effect that the surety will, on demand, pay to the plaintiff "the amount of the judgment, with all costs that may be recovered" in such action not exceeding a specified sum.

The present action was brought under sec. 266.17, Stats., which reads:

"At any time after judgment in his favor the plaintiff may maintain an action upon any such undertaking and shall recover the amount of such judgment, with interest and costs, not exceeding the sum specified in such undertaking."

(This particular provision of the attachment law has remained without substantial change, except as to its phrase-

ology, since its first appearance in R. S. 1849, ch. 112, sec. 15.)

The statutes as they stood in 1869 on the subject of attachment were considered in *Dierolf v. Winterfield*, 24 Wis. 143, and it was there held, and this ruling is not now and need not be questioned, that as the law then stood there were two modes by which attached property might be returned to the owner: one by giving an undertaking such as the one here, the other by a successful traverse of the affidavit for attachment; but that the adoption of the one method was a waiver of the other, and where, as there, the undertaking was given, there was no proper purpose served by a traverse. This of course was upon the general doctrine not there discussed, that the election of one remedy is a waiver of another inconsistent therewith.

With an evident recognition of such statement of the law, ch. 329 of the Laws of 1881 amended then sec. 2742 by adding at the end thereof the following language, upon which this case must turn, and now found in sec. 266.16, *supra,* viz.: "The defendant, notwithstanding the delivery of such undertaking, may deny any or all of the allegations of the affidavit annexed to the writ of attachment as provided in section 266.19" (sec. 2745).

We are now satisfied that this amendment in 1881 worked a substantial change in the law and, in effect, wiped out of the attachment law the former inability to secure any substantial relief to any one party to the return of the property by giving the statutory bond through a successful traverse of the affidavit and the showing of a want of proper ground for the original seizing of the property. If it did not effect such result it could have no purpose other than, as is here suggested, to permit one successfully maintaining a traverse to enjoy but an absolutely barren victory except for the question of taxable costs, and to such a narrow proposition we do not accede.

This amendment must be held, therefore, to permit the defendant in attachment proceedings to have the two methods available to him concurrently, and, in effect, to substitute the bond for the attached property, and then to permit an equally effective result as to such substitute when the traverse succeeds, as would and does follow, under the then and present statute, in regard to the attached property itself when there has been similar success in the traverse; and finally, that it no longer permits the attaching creditor to maintain that the mere recitals in such a statutory bond as we have here estop or bar the defendant from questioning the validity of the attachment through the traverse, or the surety from relying upon such a successful traverse.

We recognize that while no change was then or thereafter made in the seemingly absolute language of the provision above quoted in sec. 266.17, providing that after judgment in the principal action the plaintiff "shall recover" the amount of his judgment, or in the language of other statutory provisions in the chapter on attachment, nevertheless all the material statutes on such a subject must be considered as a whole, and such a plainly expressed substantial change in the foundation statute pursuant to which such a bond is given should necessarily be construed as making, by implication, a corresponding change in or modification of the seemingly absolute language of other parts of the same chapter. Such a conclusion may very properly be reached in the consideration of such somewhat harsh proceedings as are here involved in the seizing of the property of one alleged to be a debtor before it has been judicially determined that he is under any legal obligation to pay.

Much reliance is placed by the trial court and by respondent here upon the case of *Billingsley v. Harris,* 79 Wis. 103, 48 N. W. 108, where this sec. 266.16 (then sec. 2742), after the 1881 amendment, was before the court. This addition to the statute by the said act, however, was not then before this court nor was it there mentioned. In that case there

was an attachment and an undertaking conditioned as here; the release of the property thereupon; a subsequent judgment in favor of plaintiff in the principal action; and an unsatisfied execution. In that case—and this is the most important and distinguishing feature—there was no showing of any traverse having been interposed, and it was only by answer alleged that the writ was issued in a tort instead of a contract action and against a then resident of this state, and that the defendant sureties signed the bond believing that the property was held by a valid attachment; and the court in that case held that by the execution of the bond defendants were estopped from questioning the legality of the attachment and were absolutely liable whether the attachment was wrongfully or rightfully sued out (p. 106). This court in that case had no occasion to consider or pass upon the effect to be given to the language added to the statute in 1881 as cited *supra,* and that decision, therefore, is not in point or in any wise controlling here.

A similar change in one statutory provision was held to work an implied amendment to other provisions of their attachment statutes in *Ford v. Wilson,* 172 Ark. 335, 338, 288 S. W. 712, and the cases there cited.

It is worthy of note that in the somewhat kindred but milder method by garnishment of obtaining some lien or control over a debtor's property prior to final adjudication as to the existence of any alleged obligation, the doctrine recognized in *Dierolf v. Winterfield,* 24 Wis. 143, *supra,* of the absolute liability under such bond and denial of any right to question its validity, is held applicable in garnishment, as shown in such cases as *Thoen v. Harnstrom,* 98 Wis. 231, 233, 73 N. W. 1011, and *Wilkinson v. U. S. F. & G. Co.* 119 Wis. 226, 96 N. W. 560. But no such change has been attempted to be made regarding election of remedies in garnishment such as was made in the attachment statute by the 1881 amendment. *supra.*

We therefore hold that where the defendant in the prin-

cipal action is now expressly permitted to obtain immediate possession of his property by the giving of an undertaking and at the same time to pursue the other and distinct remedy of questioning the right of the creditor to originally attach, it should be held that there is now no prejudice to his substantial rights in the one proceeding by his carrying on of the other, and that in practical effect the giving of an undertaking such as is here involved, even though it be absolute in terms, is no more than a substitute for the attached property, and that defendants, having successfully maintained in court that there was no initial right to attach, are entitled, and their surety equally so, to maintain that a result which would have returned the property to its owner discharges any obligation on the undertaking.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss.