Neugent Garment Company, Respondent, vs. United States Fidelity & Guaranty Company, Appellant.

*May 31—June 20, 1932.*

For the appellant there were briefs by *North, Parker, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *Rodney C. Welsh.*

For the respondent there was a brief by *Jaseph, Young & Everson* of Green Bay, and oral argument by *E. L. Everson.*

FRITZ, J. After the decision by this court in this action, as reported in 202 Wis. 93, 230 N. W. 69, 231 N. W. 600, defendant amended its answer by alleging that plaintiff's debtor, Millard's, Inc., was insolvent on January 19, 1929, when the plaintiff's writ of attachment was served. If that allegation was established on the trial, plaintiff was not entitled to recover from defendant. The only question submitted to the jury was that issue of insolvency, and the jury found that Millard's, Inc., was not insolvent. On January 29, 1929, within ten days after the attachment levy, a petition in bankruptcy was filed against Millard's, Inc., and a receiver was appointed and took possession of all assets, including $46.18, cash on hand. On February 12, 1929, Millard's, Inc., was adjudicated a bankrupt, and shortly thereafter the trustee in bankruptcy sold all of the merchandise, furniture, and fixtures (excepting some fix- tures which were mortgaged to secure more than their value) for $14,500. In addition thereto $7 were realized on C.O.D. accounts receivable. It is undisputed that the bankrupt's liabilities were $83,756 on January 19, 1929. On the face of its books of account, its assets were set up in substance as follows:

| | | |
|---|---:|---:|
| Cash on hand | $46 | 18 |
| C.O.D. accounts | 4,147 | 00 |
| Merchandise inventory | 36,541 | 00 |
| Furniture and fixtures | 26,823 | 00 |
| Prepaid insurance | 1,028 | 00 |
| Accounts receivable | 19,467 | 00 |
| Cash—United States court | 7,000 | 00 |
| St. Louis store fixtures | 22,460 | 00 |
| Leaseholds | 55,000 | 00 |
| Chicago office furniture | 100 | 00 |
| | $172,612 | 18 |

On the first four items of those assets the trustee in bankruptcy realized only $14,553.18. The only evidence

as to the character and value of the assets was introduced by defendant. Plaintiff offered no evidence in contradiction. Instead, plaintiff contended that the testimony of defendant's witnesses was merely as to their opinions of the value of the assets, and that the jury was not bound by such opinions. The court sustained that contention and, in view of the jury's verdict on the only issue of fact, ordered judgment for plaintiff.

It is true that two of defendant's witnesses, who were well qualified as experts on the character and value of the assets, and who had themselves examined the merchandise, furniture, and fixtures at about the time in question, fixed the value thereof at figures varying from $19,000 to $24,000. The highest of those estimates, plus the $46.18 cash on hand, and the $7 realized on C.O.D. accounts, would bring the total value up to $24,053.18. Another of defendant's witnesses, who as one of the officers of Millard's, Inc., had personal knowledge of all of its transactions, assets, and books of account since it commenced doing business in June, 1927, testified that the value of all of its assets on January 19, 1929, was from $30,000 to $40,000. On that basis Millard's, Inc., was clearly insolvent. In expressing that opinion, that witness, by reason of facts and circumstances, of which he had personal knowledge and which were established by his testimony, without any contradiction, properly eliminated from consideration the following items on the bankrupt's books, to wit:

The C.O.D. account of $4,147 (with the exception of the $7 realized thereon) because that account was for undelivered merchandise included in the inventory of $36,541;

The furniture and fixtures account of $26,823, to the extent of materially reducing it, because the total cost thereof, including all additions, was only $8,000;

The prepaid insurance account of $1,028 because the

premiums for that insurance were never paid, and the policies were in fact canceled;

The accounts receivable, totaling $19,467, because they were in part fictitious, and in part valueless and uncollectible by reason of existing facts and circumstances to which he testified in detail;

The cash—United States court account of $7,000 because that amount was deposited by Millard's, Inc., in court to pay its predecessor's creditors upon its purchase of its predecessor's assets, and was paid out in its entirety in paying those creditors;

The St. Louis store fixture account of $22,460 because Millard's, Inc., no longer owned such fixtures; they, together with a leasehold interest, had been sold; and that balance represented the book loss on that account after having credited and applied the $7,500 received in full payment for those assets;

The leasehold account of $55,000 because $30,000 of that amount was for the St. Louis store lease, which had been sold without any further claim or credit in favor of Millard's, Inc.; and $25,000 of that amount, as to the Milwaukee leasehold, was entered on the books as a mere arbitrary figure without any basis by reason of any cost or expenditures incurred in procuring such leasehold interest, or by reason of any showing as to any rental value to Millard's, Inc., or any other possible occupant, in excess of the prescribed rent;

The Chicago office furniture account of $100 represented furniture which had been moved to Milwaukee, and was included in the other furniture and fixtures account of $26,823.

That witness' testimony in all of those respects was not opinion evidence. He was testifying as to matters of fact of which he had personal knowledge and, as his testimony

was uncontradicted and unimpeached, neither the court nor the jury could disregard it and, in the absence of any proof whatsoever, find to the contrary. It is idle in this case to attempt to bolster up the assets by any allowance on account of good will. There was no proof because of which the existence of good will of any value could be inferred. The brief and disastrous career of the bankrupt corporation does not appear to have resulted in any net income or profit, which admits of capitalization for even a theoretical calculation as to good will.. As under the circumstances an allowance for good will would be wholly imaginary and without any factual basis, it cannot be included. *Hodde v. Hahn,* 283 Mo. 320, 222 S. W. 799, 803.

It follows that defendant's uncontradicted proof established the insolvency of Millard's, Inc., and left no room for a finding to the contrary. *Holsapple v. Scofield,* 176 Wis. 649, 187 N. W. 682; *Tullgren v. Karger,* 173 Wis. 288, 181 N. W. 232. Upon that proof the defendant was entitled to have the court grant its motion for judgment notwithstanding the verdict. Although plaintiff again contends on this appeal that it is entitled to judgment even if Millard's, Inc., was insolvent at the time of the attachment levy, we see no occasion for now departing from the law of the case as established on the former appeal in this. action.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.