Estate of Watzek: Purdy, Appellant, vs. Watzek, Administratrix, Respondent.

*February 9—March 7, 1933.*

*Gold & McCann,* attorneys, and *John C. Love* of counsel, all of Milwaukee, for the appellant.

*C. F. Rogan* of Pewaukee, for the respondent.

FRITZ, J. Dr. Frederick P. Purdy filed a claim for $115 against the estate of Frank Watzek for medical services performed in attending the deceased and his wife. On the hearing the claimant testified as to the nature of the services, and he and another physician testified that $115 was a fair and reasonable charge for such services. No testimony was introduced by way of contradiction or impeachment. The court, however, allowed the claim at only $35, and in connection with that ruling stated that the estate was practically insolvent. Dr. Purdy appealed from that ruling and contends that, in the absence of evidence to the contrary, he was entitled on the uncontradicted proof to have his claim allowed at $115.

Under the evidence there is no basis for holding that the charge for the services is obviously so unreasonable or excessive that the testimony is palpably false and incredible, and can therefore be entirely disregarded by the court. It is insufficient that the court felt that the charges were high inasmuch as the estate was practically insolvent. This court has held that the value of such professional services as are rendered by physicians, dentists, architects, and others engaged in similar professional pursuits is not a subject of general knowledge or such as comes within the field wherein courts can take judicial notice of certain classes of facts; that proper proof as to the measure of compensation in such matters requires the evidence of those familiar as experts with such work and the customary pay therefor in the particular locality where rendered (*Tullgren v. Karger,* 173 Wis. 288, 293, 181 N. W. 232); and that "in such cases neither court nor jury can use their own individual views nor those of persons unfamiliar with such particular subjects as proper basis for their findings as against the uncontradicted or unimpeached testimony of those who are qualified to know and speak on the subject." *Holsapple v. Scofield,* 176 Wis. 649, 187 N. W. 682; *Wurdemann v. Barnes,*

92 Wis. 206, 207, 66 N. W. 111; *Ladd v. Witte,* 116 Wis. 35, 40, 92 N. W. 365; *Brust v. First Nat. Bank,* 184 Wis. 15, 198 N. W. 749.

The application of those principles of law entitles the appellant to the allowance of his claim at $115. That result would not necessarily follow if the charges were palpably so unconscionably excessive as to compel the conclusion that the evidence in support thereof is unbelievable; or if the facts in issue were of such nature that the trial judge could take judicial knowledge thereof, as he could, for instance, in passing upon the customary charges for legal services in his locality.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment allowing appellant's claim at $115.