## GEDNEY v. KINGSLEY.

*(Supreme Court, General Term, Second Department. December 14, 1891.)*

MALPRACTICE—EVIDENCE.

In an action for malpractice in failing to discover a fracture of plaintiff's arm, and properly reduce the same, defendant and another surgeon testified that when defendant was called to attend plaintiff the arm was so swollen that the extent of the injury could not be discovered by a careful and skillful examination, and that defendant gave the proper directions to reduce the swelling, and on his second visit was told not to call again until sent for, and was not again called. This evidence was contradicted by plaintiff's witnesses. *Held*, that a verdict for defendant should not be disturbed.

Appeal from circuit court, Westchester county.

Action by Adelia F. Gedney against Orrin D. Kingsley for malpractice. From a judgment entered upon a verdict for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*William G. Bussey,* for appellant. *W. M. du Bois,* for respondent.

BARNARD, P. J. The proof shows that the plaintiff met with an accident in August, 1888. She fell from her conveyance, and hurt her right arm. The defendant is a physician and surgeon, and he was sent for by the plaintiff to furnish whatever service the plaintiff needed to cure the injury which she had sustained. The defendant made two visits, and then ceased to attend to the plaintiff's case, by her request. The defendant made an examination of the arm, and the injury was not discovered to be serious, and was not supposed to be more than a bad bruise. The arm became very greatly swollen, and it

was finally discovered that one of the bones of the arm was fractured. There is proof tending to show that the injury became in a measure irreparable by reason of the delay in the discovery of the fracture. The defense gave evidence to the effect that the arm was so swollen that a complete examination could not be made; that the defendant informed the plaintiff that her arm needed further attention; and that she said she thought she was getting on towards recovery, and that she would send for the defendant if she needed him further. The rule of the responsibility of the defendant is well settled. A surgeon undertakes that he possesses the ordinary learning, skill, and experience which is necessary to meet the case which is intrusted to him. The negligence and unskillfullness of the defendant are claimed on two grounds: *First*, he failed to discover the fracture; and, *second*, he failed to continue his visits, and let the evil effects of the fracture continue until it was too late to restore the fractured arm to its normal condition. The evidence in both of these questions was contradictory. If the arm was so swollen that a complete assurance of the extent of the injury could not be discovered by a careful and skillful examination, and if the swelling was suffered to go on because the defendant was told to wait until he was sent for to continue the attendance, the case will fail for lack of proof. This was the finding of the jury, and the proof is sufficient to uphold the verdict. The parties differ in their remembrance of the facts. Dr. Haight, who examined the arm before defendant, supports the defendant in his statement that the extent of the swelling prevented an examination which was needed to discover this fracture. The medical experts differ also upon the question whether a skillful surgeon ought to have discovered the fracture, but all agree that the swelling should have been reduced, and, if the plaintiff prevented that by requesting the defendant to make no other visit, on account of the expense, until he was notified, the defendant could not properly be blamed for the omission to diligently look after the case. The case was sent to the jury with very careful instructions. The appeal papers show that the jury fully understood the case, for they returned into court and asked for the evidence as to the interview between the parties during the second visit. The jury evidently found that there was no lack of skill in the examination, and that the substantial discharge of the defendant made the plaintiff responsible for the injury thereafter occasioned by a failure to receive medical attention until it was too late. The judgment and order denying new trial should be affirmed, with costs. All concur.