Wurdemann vs. Barnes.

WURDEMANN, Respondent, vs. BARNES, Appellant.

*January 8 — January 28, 1896.*

*Physicians and surgeons: Value of services: Malpractice: Evidence:
Court and jury.*

1. In an action to recover for services as a physician, where plaintiff
testified as to the nature of the treatment, that the services were
worth the amount charged, and that the charges were less than
was usual for such services, and there was no evidence to the con-
trary and no dispute as to the number of visits, it is *held* that the
defendant was not prejudiced by a ruling of the trial court that,.
while he might cross-examine plaintiff as to what had been done
by him and might make the defense that the services were not
worth anything, he could not cross-examine as to the amount
charged for particular visits and what they were worth.

2. Upon such undisputed evidence there was no question for the jury
as to the plaintiff's demand.

3. Evidence in such case that the patient grew worse under plaintiff's
treatment and better after plaintiff had been discharged, with-
out further evidence — other than the mere conjectures of non-
experts — to show that the treatment was improper or negligent,
wholly failed to support a counterclaim for damages alleged to
have been caused by negligent and unskilful treatment.

APPEAL from a judgment of the superior court of Milwau-
kee county: R. N. AUSTIN, Judge. *Affirmed.*

This was an action for professional services by the plaint-
iff as physician and surgeon, alleged to have been rendered
in treating the defendant's son, and of the alleged value of
$83, and issue was taken by the defendant as to the value
of the services; and he also interposed a counterclaim for
damages caused by the alleged negligent and unskilful treat-
ment of the patient, whereby the defendant had been put to
great expense and otherwise damaged, etc. At the conclu-
sion of the evidence the court directed a verdict in favor of
the plaintiff for $87, the amount claimed and interest, for
which judgment was given, with costs, against the defend-
ant, and from which he appealed.

For the appellant there was a brief by *Williams & May,* and oral argument by *A. B. May.*

*J. A. Eggen,* for the respondent.

Pinney, J. 1. The plaintiff was called as a specialist to treat the eyes and ears of the defendant's son, who had sustained serious injury by the explosion of a dynamite cartridge. The plaintiff testified as to the value of his services, the circumstances under which they were rendered, and the nature of his treatment; that the services were worth $83, and that the rates were less than usually charged for such services. There was no evidence to the contrary. The account consisted of a large number of items for visits, etc. The defendant's counsel proposed to cross-examine the plaintiff as to the amount charged for particular visits and what they were worth. On objection, the court ruled that the plaintiff might be examined as to what had been done by him, but how much he had charged for each visit was immaterial; that if the defendant proposed to make the defense that the services were not worth anything, he could make it, and the jury would pass upon it. There was no dispute as to the number of visits or items, and we see no reason for thinking that the defendant was prejudiced by the ruling. He had reasonable latitude for cross-examination and defense as to the value of the services, and there is no reason to suppose that he was prejudiced by the ruling of the court. He did not offer to produce any evidence on the subject, and he has lost nothing except the privilege of making a lengthy and useless cross-examination as to each visit by way of contrasting the value of one or more visits with the others. There was no claim that the charges were above the usual rate for such services, and therefore there was no question for the jury as to the plaintiff's demand.

2. The evidence wholly fails to support the counterclaim.

Wurdemann vs. Barnes.

It is claimed that the defendant's son grew worse under the plaintiff's treatment, and that he grew better after the plaintiff had been discharged, but this does not show that the plaintiff was guilty of negligence or unskilfulness in treating him. In particular, it is claimed that the plaintiff improperly applied and used a tube of hot water over the nose to cure the ailment or injury to his eyes; that the heat was so great as to be injurious. Other physicians were in attendance on the patient, but their evidence was not produced. No surgical or medical witness was called by the defendant to say that the treatment was improper or negligent in the least degree, whatever uneducated persons or non-experts might conjecture upon the subject. The plaintiff could not be convicted of malpractice on such evidence. He could not be held responsible simply because he failed to cure the defendant's son, nor for mere misjudgment in treating him, if the treatment was such as physicians and surgeons of ordinary knowledge and skill would apply. *Quinn v. Higgins,* 63 Wis. 664. The general rule of law is that a physician or surgeon who holds himself out as such, in treating a patient, must exercise such reasonable care and skill in that behalf as is usually exercised by physicians or surgeons in good standing, of the same system or school of practice, in the vicinity or locality of his practice, having due regard to the advanced state of medical or surgical science. *Nelson v. Harrington,* 72 Wis. 597. There was an entire absence of competent evidence to go to the jury under the counterclaim to sustain a verdict finding the plaintiff guilty of negligence or want of proper skill in treating the defendant's son, and it could not be left to the jury to find a verdict upon mere conjecture. The court properly directed a verdict for the plaintiff.

*By the Court.—* The judgment of the superior court is affirmed.