MARCHAND, Appellant, vs. BELLIN, Respondent.

*May 23—October 6, 1914.*

*Physicians and surgeons: Malpractice: Evidence of conditions: Fail-*
*ure of duty in particular instance must be shown: Measure of*
*duty: Nonsuit on defendant's testimony.*

1. In an action for malpractice the plaintiff must show wherein
   defendant was negligent or failed in his duty under the cir-
   cumstances or conditions existing in the particular instance,
   and it is not enough to show that generally, or under other
   conditions, the conduct complained of might be found negli-
   gent.
2. Evidence that certain conditions upon which defendant based his
   treatment of a Pott's fracture of plaintiff's leg do not obtain
   in cases of ordinary Pott's fractures would not warrant a jury
   in finding that they did not exist in the instant case, it appear-
   ing that plaintiff's was not an ordinary Pott's fracture but a
   severe and complicated one, and defendant's testimony as to
   the existence of said conditions being undisputed and not in-
   herently or obviously incredible.
3. Even if it were true that defendant was ignorant of a certain
   surgical practice in cases of Pott's fractures, that fact would
   be immaterial if the treatment he gave was the proper one
   under the existing conditions.
4. The measure of defendant's undertaking in such case was to ex-
   ercise such care and skill and to pursue such treatment as
   physicians and surgeons in good standing usually exercise and
   pursue in the same or similar localities under the same or
   similar circumstances.
5. A nonsuit may be granted upon the testimony of the defendant,
   called as an adverse witness, where such testimony as to a
   fact essential to a recovery is undisputed and not conflicting.

APPEAL from a judgment of the circuit court for Brown
county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Action for malpractice. On the 23d of January, 1912,
plaintiff, aged fifty-two, by falling from a ladder, sustained a
severe Pott's fracture of the left foot in which the fibula was
somewhat splintered and the ligaments of the ankle joint
ruptured. He went to the defendant the same day for treat-

ment.   Owing to the swelling of the joint and an abrasion
of the skin the defendant did not invert the foot for fear of
gangrene.   The swelled condition, under the treatment given,
continued till February 13th before beginning to abate and
the joint healed without an inversion of the foot, leaving the
foot everted, much less useful, and more painful than it would
have been had it been properly inverted before bony union
took place.   At the close of plaintiff's evidence the court or-
dered a nonsuit on the ground that plaintiff failed to show
that the treatment given him was not proper as applied to the
kind and degree of fracture he was suffering from and the
conditions that developed.   From such judgment of nonsuit
the plaintiff appealed.

For the appellant there was a brief by *Minahan & Mina-
han,* and oral argument by *Eben Minahan.*

For the respondent there was a brief signed by *Freeman &
Geilfuss,* and oral argument by *R. R. Freeman.*

The following opinion was filed June 17, 1914:

Vinje, J.   A Pott's fracture is a fracture of the lower
part of the fibula accompanied with injury to the ankle joint
so that the foot is dislocated outward.   Webster, New Int.
Dict.   The evidence shows that plaintiff's fracture was a very
severe one in which the fibula was splintered and the liga-
ments of the ankle joint ruptured, that the foot was very
much swelled and discolored and the skin partly abraded in
places at the time of the first treatment.   At to its condition
at that time, January 23d, and from then till about the 13th
of February, there is no evidence other than that of the de-
fendant, and if his evidence as to the conditions existing and
treatment given is true then he was guilty of no malpractice.
But plaintiff's counsel insists that since the evidence shows
the conditions testified to by defendant do not usually obtain
in ordinary Pott's fractures for so long a time, the jury had a
right to find that they did not in the instant case.   Hence,

since it was shown that in cases of ordinary Pott's fractures the danger of gangrene was usually passed in from seven to ten days, and since bony union does not take place until the third week, the jury might find malpractice from failure to invert the foot after danger of gangrene had passed and before bony union took place. All agree there should be no inversion of the foot until the danger from gangrene had passed. The difficulty with this contention is that plaintiff's fracture was not an ordinary Pott's fracture, but a severe and complicated one; that there is nothing inherently or obviously incredible about defendant's testimony as to the conditions found the first day he examined the leg or as to their continuance for the length of time shown. The trial court therefore properly held that such conditions must be accepted as verities since there was no evidence to the contrary. Touching the right of the trial court to base a ruling upon defendant's testimony, our attention is specially called to the case of *Fitzgerald v. Anderson,* 81 Wis. 341, 51 N. W. 554, where it was held that a verdict should not be directed upon the conflicting testimony of a witness as to a material matter, and it is claimed that the testimony of the defendant in this case is so conflicting that it was error to direct a nonsuit. We have carefully examined it and find no substantial conflict therein relating either to the condition of the foot or as to the treatment given it, and the case cited is therefore not applicable.

Another claim made is that the evidence of defendant, especially his examination under sec. 4096, Stats., shows that he was ignorant of the practice of inverting the foot in cases of Pott's fractures and therefore did not do it in this case. Conceding for the sake of the argument that this is true, still if the treatment he gave was the proper one under the conditions existing his ignorance becomes immaterial. He says, however, that the reason he did not invert the foot up till about the 13th of February was because he feared gangrene, and that thereafter bony union began and he did not deem it

good practice to then invert it. The treatment given plaintiff's foot under the conditions as testified to by the defendant was practically sanctioned by all the doctors who testified as to what constituted good practice. It was therefore shown that defendant exercised such care and skill and pursued such treatment as physicians and surgeons in good standing usually exercised and pursued in the same or similar localities under the same or similar circumstances. This measured the extent of his undertaking. *Nelson v. Harrington,* 72 Wis. 591, 40 N. W. 228. See note to same case in 1 L. R. A. 719.

It is elementary that in negligence actions, including actions of malpractice, it is incumbent upon the plaintiff to show wherein defendant has been negligent or failed in his duty under the circumstances or conditions existing in the case that is tried. It is not enough to show that generally, or under other conditions, the conduct complained of might be found negligent. Here plaintiff failed to show that a condition warranting inversion existed at any time owing to the fact that the evidence shows the danger from gangrene continued till bony union took place and that thereafter it was not good practice to invert.

We have carefully examined the evidence in the case and from such examination have reached the conclusion that the nonsuit was properly granted.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on October 6, 1914.