JAEGER, Appellant, vs. STRATTON, Respondent.
[Two cases.]

*January 13—February 10, 1920.*

*Physicians and surgeons: Malpractice: Failure to diagnose properly: Degree of skill required: Evidence: Directed verdict.*

1. Where, in an action for malpractice, the medical testimony showed that the failure of a physician to accurately diagnose plaintiff's condition was not due to lack of skill, care, or judgment, a directed verdict in his favor was proper although in the course of an operation disclosing pregnancy plaintiff's inflamed appendix had been removed contrary to her wish that she should not be operated upon if she were pregnant, she having consented to an operation if not pregnant and instructed the physician to remove the appendix if an operation was performed.

2. Where a physician exercises that degree of care, diligence, judgment, and skill which others in good standing of the same school of medicine usually exercise in the same or similar localities under like or similar circumstances, having due regard to the advanced state of science at such time, failure to diagnose correctly does not render him liable.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Actions for malpractice.   The defendant performed an operation upon *Helena Jaeger,* the wife of *William Jaeger.* It is claimed that by reason of a negligent diagnosis and the performance of an unnecessary operation *Helena Jaeger*

was caused long-continued pain and suffering and rendered unable to perform her customary work. The husband sued for medical expenses, loss of service, etc., and the wife for pain and suffering. By stipulation the actions were consolidated and tried as one. At the close of the evidence the court directed a verdict in favor of the defendant, and from a judgment entered accordingly the plaintiffs appealed.

For the appellants there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *W. B. Rubin* and *C. F. Rouiller,* of counsel, all of Milwaukee, and oral argument by *Mr. Rouiller.*

For the respondent there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

VINJE, J. The plaintiff *Helena Jaeger* at the time she was examined by the defendant, February 26, 1918, had borne nine children. Her menses had ceased at Christmas, 1917, and she feared she might be pregnant. She suffered from headache, gas in the stomach, and severe bearing-down pains in the lower abdomen. She had not had such pains in her former pregnancies and so became alarmed and consulted a Dr. Walters, who did not definitely diagnose her condition but suggested pregnancy, a tumor, or inflammation of the appendix, and advised her to come back in a couple of months. Instead of doing so she went to the defendant, who found a serious inflammatory condition, with pain and tenderness in the lower abdomen. The uterus was somewhat enlarged and there appeared to be an inflammatory mass in the broad ligament. The defendant diagnosed the latter as the chief cause of the trouble, though he thought it might be appendicitis or possibly pregnancy. He advised an operation. She said she did not want to be operated upon if she was pregnant. He told her he thought she was not. She consented to an operation and told him to remove the appendix when he took out the tumor.

The operation disclosed that she was about two-and-one-half months pregnant and that she had an inflamed appendix covered with a Jackson's membrane. The appendix was removed and she made a normal recovery, and in time gave birth to a living and healthy child.

The medical testimony showed without dispute that the failure to accurately diagnose her condition was due neither to lack of care, skill, or judgment; that under the conditions as they appeared an early operation was advisable; that the operation was skilfully performed; that she made a normal recovery, and was relieved from a menace that might have resulted very seriously during later pregnancy by having to have the inflamed appendix removed. In view of such testimony the trial court properly directed a verdict for defendant.

When a physician exercises that degree of care, diligence, judgment, and skill which physicians in good standing of the same school of medicine usually exercise in the same or similar localities under like or similar circumstances, having due regard to the advanced state of medical or surgical science at the time, he has discharged his legal duty to his patient. *Nelson v. Harrington,* 72 Wis. 591, 40 N. W. 228, and note in 1 L. R. A. 719; *Wurdemann v. Barnes,* 92 Wis. 206, 66 N. W. 111; *Marchand v. Bellin,* 158 Wis. 184, 147 N. W. 1033; *Hrubes v. Faber,* 163 Wis. 89, 157 N. W. 519.

Where due care, diligence, judgment, and skill are exercised, a mere failure to diagnose correctly does not render a physician liable. *Sherwood v. Babcock* (Mich.) 175 N. W. 470; *English v. Free,* 205 Pa. St. 624, 55 Atl. 777; *Wells v. Ferry-Baker L. Co.* 57 Wash. 658, 107 Pac. 869; *Gedney v. Kingsley,* 41 N. Y. St. Rep. 794, 16 N. Y. Supp. 792, and note in *Bonnet v. Foote,* 28 L. R. A. N. S. 136. Not omniscience, but due care, diligence, judgment, and skill, are required of physicians. When they meet such test they are not liable for results or errors in judgment.

*By the Court.*—Judgment affirmed.