KUECHLER, Appellant, vs. VOLGMANN, Respondent.

*March 6—April 3, 1923.*

*Physicians: Chiropractors: Degree of skill required: Malpractice: Faulty diagnosis: Liability: Pleading: Construction on demurrer.*

1. A physician is required to exercise only that degree of care, diligence, judgment, and skill which other physicians of good standing in the same school or system of practice usually exercise in the same or similar localities under like or similar circumstances, having due regard to the advanced state of the medical profession at the time in question.

Kuechler v. Volgmann, 180 Wis. 238.

2. Malpractice may consist in a lack of skill or care in diagnosis as well as in treatment.
3. A complaint must be liberally construed in favor of the pleader.
4. A complaint alleging that a chiropractor, through lack of skill and care, negligently undertook to treat plaintiff for a malady from which he was not suffering; that if defendant had possessed ordinary skill or ability he would, by the exercise of ordinary care, have known the true cause of plaintiff's ailment; and that if defendant had used ordinary care and skill in diagnosing the affliction when plaintiff first consulted him defendant would have effected an immediate and permanent cure, charges lack of skill or care in diagnosis so as to state a cause of action for malpractice, though it did allege that the treatment was in accordance with the usages and practices of chiropractors, so as to negative negligence in treatment.
5. Chiropractors, who are permitted to practice in this state without a license under sec. 1435e, Stats., are required to exercise care and skill in diagnosis, and are liable for malpractice if they fail to do so, under sec. 1435i, providing that any person practicing any form or system of treating the afflicted without having a license or certificate shall be liable to all the penalties and liabilities for malpractice, and that ignorance on the part of any such person shall not lessen the liability for failing to perform or negligently performing any duty assumed.
6. When a chiropractor assumes to diagnose and to treat disease he must exercise the care and skill in so doing that is usually exercised by a recognized school of the medical profession.

APPEAL from an order of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

Action for malpractice. The material allegations of the complaint are as follows:

"That the above named defendant is a chiropractor, so called, practicing his profession in the city of Kenosha, in said county and state. That at the time hereinafter mentioned he has held himself out to the public as capable of treating persons afflicted with disease and bodily ailments, and holding out, representing, and advertising to relieve and cure persons so afflicted without the use of medicines or drugs, and by a form or method peculiar to the class of practitioners to which the defendant belongs, and who are known to the public as chiropractors.

"That on or about the 28th day of September, 1918, the above named plaintiff was afflicted with and suffering from such disorders of bodily functions as to cause him to believe in the necessity of consulting and conferring with some person of the required learning, skill, and experience to alleviate, relieve, and cure such affliction of which he was suffering.

"That on or about said day he consulted above named defendant, who was then practicing his said profession at the city of Kenosha, and employed the said defendant as such chiropractor to relieve and cure him of such disease or malady from which he then suffered for compensation to be paid therefor, and for that purpose the said defendant undertook as a chiropractor to attend and care for the plaintiff.

"That the said defendant then entered upon such employment, and either through lack of care, want of understanding, or knowledge of the symptoms of well known disease did not use due and proper care or skill in endeavoring to cure plaintiff of the disease or malady of which he was suffering, and negligently undertook the treatment of said plaintiff upon misapprehension that the said plaintiff was suffering from some derangement of the stomach with resulting nervousness and headache, of which the said plaintiff then suffered. That at said time the said plaintiff was afflicted with and suffering from a tumor which was growing in his head, and which was the cause of such derangement of bodily function.

"That the said defendant, for compensation paid to him from time to time by the plaintiff, continued to treat the plaintiff according to the methods used by members of defendant's profession for a period of eight months, during which time the said defendant failed to either relieve or alleviate the suffering of said plaintiff, but the pain and suffering of said plaintiff continued to grow worse and worse and disorders of his body became more aggravated under such treatment, whereupon the said defendant advised the plaintiff to go West for relief on or about the 21st day of May, 1919.

"That while in the West the defendant continued to fail in health and the pain and suffering continued to increase,

and his headaches and dizziness of which he continually suffered became more severe, and finally he became at times blind.

"That on or about the 8th day of August, 1919, he returned to Kenosha, Wisconsin, and on the 10th day of September, 1919, he went to the Augustana Hospital in the city of Chicago for treatment, and there his malady was immediately diagnosed by a physician and surgeon of skill and experience as a tumor growing within the head, which had been for a long time, and then was, irritating the brain, and it became necessary to operate upon the said plaintiff, and in order to save the life of plaintiff it was necessary to remove a large portion of the skull of plaintiff in order to relieve the intracranial pressure resulting from the growth of such tumor.

"That this plaintiff is informed and believes that if the said defendant had possessed ordinary skill or ability in the treating of disease he would by the exercise of ordinary care have known that the said defendant was suffering from the effect of a tumor growing in his head, and by the exercise of ordinary care would have known that the methods adopted by him to relieve said plaintiff were useless and only aggravated his suffering and affliction.

"Plaintiff further alleges, and he is informed and believes, that if the said defendant had used ordinary care and skill in diagnosing the affliction of the plaintiff he would have known by the use of such ordinary care that the said plaintiff was afflicted with tumor and that an operation upon the plaintiff at the time when the plaintiff first consulted the said defendant would have effected an immediate and permanent cure.

"That because of the long time which the said tumor was allowed to grow under the treatment of the said defendant it became impossible for surgeons of acknowledged skill and ability to remove such tumor from the head, but the only relief which could be accorded to the plaintiff was the operation hereinbefore alleged.

"That by reason of the defendant's negligence and unskilled examination and treatment of said plaintiff the said plaintiff was made sick, and kept from attending to his business ever since about the 8th day of September, 1918, suf-

fered much pain and was put to great expense, and has been, and still is, disabled from attending to his labor and business, to the damage of the plaintiff $25,000."

The defendant entered a demurrer *ore tenus,* which the court sustained. From an order entered accordingly the plaintiff appealed.

For the appellant the cause was submitted on the brief of *Robert V. Baker* of Kenosha.

For the respondent there was a brief by *Lewis W. Powell* of Kenosha and *Morris, Winter, Esch & Holmes* of La Crosse, and oral argument by *Frank Winter.*

VINJE, C. J.   The trial court sustained the demurrer on the ground that, the complaint having alleged that defendant treated the plaintiff according to the methods used by mem- . bers of defendant's profession, namely by chiropractors, it negatived negligence and lack of skill, since the rule is that a physician is required to exercise only 'that degree of care, diligence, judgment, and skill which other physicians of good standing of the same school or system of practice usually exercise in the same or similar localities under like or similar circumstances, having due regard to the advanced state of the medical profession at the time in question, citing *Nelson v. Harrington,* 72 Wis. 591, 40 N. W. 228; *Wurdemann v. Barnes,* 92 Wis. 206, 66 N. W. 111; *Marchand v. Bellin,* 158 Wis. 184, 147 N. W. 1033; *Hrubes v. Faber,* 163 Wis. 89, 157 N. W. 519; *Jaeger v. Stratton,* 170 Wis. 579, 176 N. W. 61.   Such is undoubtedly the rule of law in this state, and were the complaint grounded upon a lack of skill, care, or of negligence in treatment only, the trial court came to the right conclusion.   But we construe the gravamen of the complaint to charge a lack of skill and care in diagnosis, in the failure of defendant to discover the nature of the ailment from which plaintiff suffered.   Malpractice may consist in a lack of skill or care in diagnosis as well as in

treatment. *Jaeger v. Stratton,* 170 Wis. 579, 176 N. W. 61. A woman may be in the early stages of pregnancy. A doctor may diagnose it as an ovarian tumor and operate. There may be no lack of skill or care in the operation, but there may be in the diagnosis.

It is a familiar principle that a complaint must be liberally construed in favor of the pleader. By examining the complaint set out in the statement of facts it will be found that the pleader says that through a lack of skill and care the defendant negligently undertook to treat plaintiff for a malady from which he was not suffering, and that had the defendant possessed ordinary skill or ability in treating disease he would by the exercise of ordinary care have known the true cause of his ailment. The complaint also alleges that plaintiff "is informed and believes that if the said defendant had used ordinary care and skill in diagnosing the affliction of the plaintiff he would have known by the use of such ordinary care that the said plaintiff was afflicted with tumor and that an operation upon the plaintiff at the time when the plaintiff first consulted the defendant would have effected an immediate and permanent cure." ·This expressly charges lack of care and skill in diagnosis ·with resultant damages.

That chiropractors, who by the provisions of sec. 1435*e,* Stats., are permitted to practice without a license in this state, are required to exercise care and skill in diagnosis, if they undertake to diagnose, there can be no doubt. Sec. 1435*i* directly so provides and makes them liable for malpractice. So far as here applicable it reads:

"Any person practicing medicine, surgery, osteopathy, or any other form or system of treating the afflicted without having a license or a certificate of registration authorizing him so to do, shall not be exempted from, but shall be liable to all the penalties and liabilities for malpractice; and ignorance on the part of any such person shall not lessen such liability for failing to perform or for negligently or unskilfully performing or attempting to perform any duty as-

sumed, and which is ordinarily performed by licensed medical or osteopathic physicians, or practitioners of any other form or system of treating the afflicted."

It is clear from the allegations of the complaint that defendant undertook to diagnose as well as to treat the disease. Diagnosis is ordinarily assumed and performed by licensed medical or osteopathic physicians. But it may be assumed by others, and it is held that the practice of chiropractic is the practice of medicine. *Comm. v. Zimmerman,* 221 Mass. 184, 108 N. E. 893; *State v. Barnes* (S. C.) 112 S. E. 62. And the fact that chiropractors abstain from the use of words like *diagnosis, treatment,* or *disease* is immaterial. What they hold themselves out to do and what they do is to treat disease, and the substitution of words like *analysis, palpation,* and *adjustment* does not change the nature of their act. *Comm. v. Zimmerman,* 221 Mass. 184 (108 N. E. 893) and cases cited on page 189. Hence when the defendant assumed to perform that duty he must exercise the care and skill in so doing that is usually exercised by a recognized school of the medical profession. *Nelson v. Harrington,* 72 Wis. 591, 40 N. W. 228. This the complaint alleges he failed to do, and the demurrer admits the allegation. For these reasons we reach the conclusion that the trial court erred in sustaining the demurrer.

*By the Court.*—Order reversed, and cause remanded with directions to overrule the demurrer and for further proceedings according to law.