HOLTON, Appellant, vs. BURTON, Respondent.

*November 9—December 4, 1928.*

406

408

410

For the appellant there were briefs by *Geo. E. Ballhorn* and *Reginald I. Kenney*, attorneys, and *L. W. Slensby*, of counsel, all of Milwaukee, and oral argument by *Mr. Kenney* and *Mr. Ballhorn*.

For the respondent there was a brief by *Lines, Spooner & Quarles*, and oral argument by *James T. Guy*, all of Milwaukee.

ESCHWEILER, J. The extremely unfortunate and unusual result and permanent impairment to plaintiff's arm following its dislocation January 1, 1924, before it can be made a legal liability against defendant, required a showing by plaintiff that the defendant failed in the discharge of the duty he owed to plaintiff in assuming as a surgeon to treat and care for plaintiff. Under the facts in this case the situation presented was pre-eminently one calling for expert testimony by witnesses qualified by knowledge and experience and able to determine and point out wherein such an unusual and unfortunate condition following a dislocation was because of some failure by defendant to follow the accepted custom and practice of surgeons in the vicinity where he practiced.

*Kuehnemann v. Boyd,* 193 Wis. 588, 592, 214 N. W. 326, 215 N. W. 455; *Mayer v. Hipke,* 183 Wis. 382, 390, 197 N. W. 333; *Krueger v. Chase,* 172 Wis. 163, 168, 177 N. W. 510; *Holsapple v. Scofield,* 176 Wis. 649, 651, 187 N. W. 682; *Wurdemann v. Barnes,* 92 Wis. 206, 208, 66 N. W. 111; *Zoterell v. Repp,* 187 Mich. 319, 330, 153 N. W. 692; *Tady v. Warta,* 111 Neb. 521, 196 N. W. 901; *Nelson v. Sandell,* 202 Iowa, 109, 209 N. W. 440; *Gallagher v. Kermott* (N. Dak.) 216 N. W. 569; 4 Wigmore, Evidence (2d ed.) § 2090. No witness called by plaintiff was asked any question permitting an answer to the effect that the defendant had either done or failed to do something in his treatment of plaintiff that was contrary to the established standard of care.

Two witnesses were called by defendant as experts and two forms of hypothetical questions were put to each of them by defendant's counsel, framed to meet the respective lines of testimony as to the treatment of plaintiff between January 5th and 23d as indicated by the testimony on plaintiff's behalf and by that on defendant's behalf, as to what was done and the existing conditions between those respective dates. Plaintiff's counsel objected to such questions because of their failure to incorporate certain features of the testimony. The trial court in then overruling the objection stated to plaintiff's counsel that they would have an opportunity later to call attention of the witnesses to any such features. Under the cross-examination, however, of such experts no material modification or enlargement of the facts assumed under either theory of defendant's hypothetical questions was presented to such witnesses by plaintiff's counsel and none such is now pointed out. Both of such witnesses testified that under either of said theories so embraced in the hypothetical questions there was no failure by defendant to follow the usual, proper, and customary methods of surgery in that vicinity.

The trial court in disposing of the case held that he found no evidence in the record to support the answer of the jury to the first question, that there was a negligence in the treatment of plaintiff's arm at and subsequent to the second reduction of the dislocation, and in that respect we think the trial court was correct.

It is contended, however, by appellant that defendant's own testimony, in substance to the effect that immobilization of the arm for a period of at least three weeks was a proper and required treatment of plaintiff's arm as defendant saw it, and that freedom of motion of the arm within the seventh or tenth day after the reduction of the dislocation might be apt to cause another dislocation, thereby fixed his own standard of the required care, and that plaintiff's testimony then presented an issue as to whether or not the defendant had complied in his actual treatment with such suggested treatment.

Reliance in support of this theory is predicated almost solely upon the claimed analogy between this case and that of the decision in Jacobs v. Grigsby, 187 Wis. 660, 205 N. W. 394, involving a question of liability by the defendant there on account of a radium treatment administered to plaintiff wherein the capsule containing radium dropped from the nose, where it was applied, into the stomach. The defendant testified that attached to such capsule was a cord of a required length of six or six and one-half inches, the end of which could be attached by adhesive plaster to the face, thereby avoiding the danger of the result that happened, and that such method was the usual and customary manner of physicians in that location. There was direct testimony that such cord was not to exceed two inches in length, and it was therefore held that in a matter of that kind no expert testimony was needed other than given by defendant.

The question there presented was so substantially different from that here that the two cases are not on the same foot-

ing. Assuming that the statements of the defendant here, and first above quoted, were his version of the standard care required, although no question to that effect was asked him, still that testimony elicited did not specify how such immobilization should be accomplished, and it is undisputed that even if no bandages were applied after the second reduction on January 5th, still the arm was placed in a sling and removed therefrom from time to time by defendant only in his tests as to the arm's condition, and there is no testimony here that such use of a sling or such tests were, in either respect, contrary to the recognized standard of care, and there is here found uncontradicted medical expert testimony that the use of a sling is one of two accepted or recognized methods. That the use of one rather than the other of such alternatives is not negligence is clear. *DeBruine v. Voskuil,* 168 Wis. 104, 109, 169 N. W. 288.

We are satisfied from an examination of this record that plaintiff failed to show a breach of duty by defendant making him accountable for plaintiff's misfortune and that the trial court correctly disposed of this case. This result is required and supported by the prior decisions of this court as well as by the rules established elsewhere. *Matuschka v. Murphy,* 173 Wis. 484, 488, 180 N. W. 821; *Jaeger v. Stratton,* 170 Wis. 579, 581, 176 N. W. 61; *Hrubes v. Faber,* 163 Wis. 89, 94, 157 N. W. 519; *O'Grady v. Cadwallader,* 183 Iowa, 178, 166 N. W. 755.

This disposition of the case makes it unnecessary to consider other assignments of error.

*By the Court.*—Judgment affirmed.