### 28933. KAHN *v.* SHAW.

DECIDED JULY 15, 1941. REHEARING DENIED JULY 30, 1941.

*Bryan, Middlebrooks & Carter, Yantis C. Mitchell,* for plaintiff in error.

*Ivey & Nathan,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) It is contended that there was no evidence to support a verdict for the plaintiff. The jury were authorized to find from the evidence that the glasses prescribed by the defendant were not suited to the plaintiff's eyes; that those glasses were not corrective, and did not remedy the impaired vision of the plaintiff, and that as a result of wearing such glasses the plaintiff suffered headaches and nausea. The jury were authorized to find that if the defendant had properly examined and treated the plaintiff's eyes, and had fitted them with proper and suitable glasses, his impaired vision would have been corrected and he would not have suffered pain as a result of wearing the glasses, and that the defendant was negligent in his examination and treatment of the plaintiff's eyes and in the fitting of the glasses. In these circumstances this court can not say as a matter of law that the defendant was not negligent, and that he exercised proper care and skill in examining the plaintiff's eyes, in prescribing the glasses, and fitting them. This case is not like

568

*Branch* v. *Anderson*, 47 *Ga. App.* 858 (171 S. E. 771), in which the principle that "the fact that treatment has resulted unfavorably does not raise even a presumption of want of proper care, skill, or diligence" was applied, and a verdict against a physician for alleged malpractice and failure to use the proper skill and care usually used by physicians under similar circumstances was set aside as being without evidence to support it. In that case the evidence failed entirely to show that the death of the patient, who was the wife of the plaintiff therein, was caused by lack of care and skill on the part of the defendant physician. It also appeared in that case that the death of the patient was due to peritonitis, and that this had been set in motion by means entirely disassociated from anything which the defendant might have done.

A skilful and careful diagnosis of the trouble from which the patient is suffering is one of the fundamental duties of a physician, and if he fails in that regard as well as in the application of proper treatment and damages result therefrom the physician must answer therefor. Malpractice may consist in a lack of skill or care in diagnosis, as well as in treatment. See Kuechler *v.* Volgmann, 180 Wis. 238 (192 N. W. 1015, 1017, 31 A. L. R. 826).

Without deciding whether the practice of optometry is a learned profession (see Babcock *v.* Nudelman, 367 Ill. 626, 12 N. E. 2d, 635, and Code, § 84-1105), the defendant should certainly exercise skill and care in the examination of a patient's eyes, and in the prescribing and fitting of glasses, and whether or not the facts of this case showed negligence on the part of the defendant, in his examination and treatment of the plaintiff, was for the jury. In determining what constitutes ordinary care and what constitutes negligence the jury would not be confined to the testimony of an optometrist as to what constitutes ordinary care and skill in the examination and treatment of a person's eyes, including the fitting of glasses. See 21 R. C. L. 388 and cit.

The evidence supported the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, J., concurs.*

Felton, J. I dissent from the judgment because there was no evidence of negligence. Dr. McDuffie was not an optometrist, and did not testify that Dr. Kahn did not exercise skill according to the prevailing methods and practices of optometrists. The whole

import of his testimony is that the boy's eyes could not have been fitted with glasses without the use of drugs. I do not know whether this is true or not. That is a much disputed question. If it is true, optometrists should not be licensed to fit glasses for persons whose eyes can not be fitted without drugs. The State of Georgia licenses optometrists to use their skill in fitting glasses. If they do not have the required skill they are not guilty of negligence when their exercise of what skill they have produces injury. There is no evidence that Dr. Kahn was negligent in failing earlier to discover his inability to treat the boy and fit his glasses properly. Dr. McDuffie did not testify that Dr. Kahn was negligent in that he could have fitted the boy's eyes by the optometrical method and did not do so. The majority opinion, in effect, applies the rule of res ipsa loquitur, and I do not think it is applicable in such a case.