NORTHWEST GENERAL HOSPITAL, Plaintiff,

Lillie GRIFFIN, Defendant and Third-Party Plaintiff-Appellant-Petitioner,

v.

Dr. Jerry N. YEE, Third-Party Defendant-Respondent.

Supreme Court

*No. 82–617. Argued October 4, 1983.—*
*Decided November 1, 1983.*

(Also reported in 339 N.W.2d 583.)

For the petitioner there were briefs by *Paul F. Poehlmann* and *Burton A. Strnad, S.C.*, Milwaukee, and oral argument by *Burton A. Strnad*.

For the respondent there was a brief by *Timothy J. Strattner* and *Schellinger & Doyle, S.C.*, Brookfield, and oral argument by *Mr. Strattner*.

LOUIS J. CECI, J.   This is a review of a court of appeals decision[1] which affirmed the judgment of the circuit court for Milwaukee county, Honorable Marvin C. Holz, circuit judge.   The question for review by this court is whether a malpractice claim which alleges no bodily injury and arises by reason of a third-party complaint must be submitted to a ch. 655, Stats., patients compensation panel.

On May 11, 1978, the third-party plaintiff, Lillie Griffin (Griffin), was injured in an automobile accident. Dr. Jerry N. Yee (Dr. Yee), the third-party defendant in this case, treated Griffin for these injuries, prescrib-

---

[1] *Northwest General Hospital v. Yee*, 109 Wis. 2d 644, 327 N.W. 2d 186 (Ct. App. 1982).

ing hospitalization as part of his treatment procedures. Griffin was hospitalized at Northwest General Hospital from May 17, 1978, until June 24, 1978, and consequently incurred a debt to the hospital, arising from Dr. Yee's prescription, of $5,484.40.

On March 19, 1981, Northwest General Hospital commenced an action against Griffin for the debt she had incurred to the hospital during her stay. Griffin subsequently filed a third-party complaint against Dr. Yee on August 25, 1981, alleging that his treatment of her through extensive hospitalized care was unreasonable, unnecessary, and negligent and because of this, Dr. Yee should be held at least partially accountable for the debt she owed to Northwest General Hospital. Dr. Yee answered and moved to dismiss the third-party complaint, based upon the grounds that the circuit court lacked subject matter jurisdiction and that the claim was barred by the statute of limitations.

The circuit court interpreted Griffin's complaint as alleging malpractice on the part of Dr. Yee and stated that although no bodily injury was alleged by Griffin, unnecessary treatment and hospitalization amounted to an interference with the person and constituted a personal injury. Therefore, the circuit court concluded that Griffin should have submitted her claim to a ch. 655 patients compensation panel because her third-party complaint against Dr. Yee was clearly within the chapter's purview. Consequently, the circuit court dismissed Griffin's complaint against the doctor, holding that it did not have jurisdiction over the claim. The court of appeals affirmed the judgment of the circuit court. We reverse the court of appeals.

■

Initially, we would like to stress that this court and other jurisdictions have found unnecessary and improper

treatment to constitute malpractice.[2] *Kuechler v. Volgmann*, 180 Wis. 238, 192 N.W. 1015 (1923), and *Hood v. Phillips*, 537 S.W.2d 291 (Tex. Civ. App. 1976). Therefore, if the instant case centered solely around the issue of unnecessary treatment, ch. 655 would clearly apply to Griffin's claim. However, we are also faced here with the complicating factors that Griffin has not alleged any bodily injury or aggravation of an existing injury due to Dr. Yee's negligence, nor was this case initiated as a malpractice claim against the doctor. Rather, it arose from a contract action between Northwest General Hospital as plaintiff and Griffin as defendant.

Generally, no court action for injuries arising from a medical malpractice claim may be brought until the matter has been reviewed by a ch. 655 patients compensation panel. Section 655.04(1)(b), Stats.; *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 261 N.W.2d 434 (1978). The dispute in this case arises from an apparent inconsistency in the statutes of ch. 655. The inconsistency centers around the meaning of the terms "injury" and "bodily injury" as utilized within the chapter. Section 655.007, entitled, "Patients' claims," provides:

"[A]ny patient or the patient's representative, having a claim for *injury* or death on account of malpractice is subject to this chapter." (Emphasis added.)

Section 655.04(1)(a), Stats., reads:

---

[2] In *Kuechler v. Volgmann*, this court stated that, "Malpractice may consist in a lack of skill and care in diagnosis as well as in treatment." *Kuechler v. Volgmann*, 180 Wis. 238, 242–43, 192 N.W. 1015 (1923). The *Kuechler* court also noted that "through a lack of skill and care the defendant negligently undertook to treat plaintiff for a malady from which he was not suffering. . . ." *Id.* at 244. *See also*, Comment, "Unnecessary Surgery: Doctor and Hospital Liability," 61 Geo. L.J. 807 (1973).

"[A]ny patient or the patient's representative, having a claim under this chapter for *bodily injury* or death, on account of a tort or breach of contract based upon professional services rendered or which should have been rendered by a health care provider, may, . . . file a submission of controversy with the director in accordance with this chapter. . . ." (Emphasis added.)

Griffin asserts that because sec. 655.04 utilizes the term "bodily injury," her claim against Dr. Yee for unreasonable and unnecessary treatment is clearly outside the purview of the chapter, because she has in fact alleged no bodily injury.

Because of the references to "injury" and "bodily injury," there appears to be an ambiguity within ch. 655, since it may be interpreted in two different ways by well-informed persons. *In Matter of Athans,* 107 Wis. 2d 331, 335, 320 N.W.2d 30 (Ct. App. 1982). Chapter 655 may be viewed as applying only to those claims which allege actual bodily injury, or it may be viewed as applying to any claims against a health care provider for a legally recognized injury. The rule of statutory construction is that the primary source for the construction is the statutory language itself. *State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12 (1981). In this case, the ambiguity arises from the interaction of the separate statutes within the chapter. Thus, because the entire chapter is *in pari materia,* all of ch. 655 should be examined together. *Wis. Environmental Decade v. Public Service Comm.,* 81 Wis. 2d 344, 350, 260 N.W.2d 712 (1978). However, examining all of ch. 655 leads us only to conclude that the terms are indeed ambiguous, since they are defined nowhere else within the chapter. As this court noted in *Wis. Environmental Decade,* when such an ambiguity is found:

". . . it is permissible to look to the legislative intent, which is to be found in the language of the statute in

relation to its scope, history, context, subject matter, and object intended to be accomplished." *Id.*

The legislative intent underlying ch. 655's enactment has been set forth in ch. 37, sec. 1, Laws of 1975. The findings enacted by the legislature include an increased number of malpractice suits and a resulting increase in the size and number of awards from these suits, as well as a rise in malpractice insurance premiums and numerous other side effects associated with these factors.[3] This court has also looked to the legislative intent in past decisions. In *State ex rel. Strykowski v. Wilkie,* 81 Wis. 2d 491, this court noted an additional factor behind the enactment of ch 655:

"[R]esolution of a malpractice claim under the traditional tort litigation process has been found to require an average of nineteen months. A patients compensation panel, on the other hand, must render a decision within 150 days after the submission of controversy is filed." *Id.* at 508 (footnote omitted).

In *Mortenson v. Miller,* 99 Wis. 2d 209, 298 N.W.2d 546 (1980), this court reaffirmed the above-stated reasons behind the enactment of the chapter.

It appears clear to us that when the legislature enacted ch. 655, it contemplated a procedure which would protect health care providers and patients from the hazards of the traditional, lengthy tort litigation. We also believe that the purpose behind the chapter was to mandate submission of malpractice claims alleging a bodily injury from the health care provider's negligence to the patients compensation panel. This is evidenced by the

---

[3] The legislature noted such risks to include health care providers being forced to practice defensive medicine and pass the costs on to patients or to avoid providing certain services which may be beneficial but also carry with them some risk of patient injury, or to cease the practice of health care altogether. Chapter 37, sec. 1, Laws of 1975.

*Strykowski* court's comparison of the Worker's Compensation Act and ch. 655 and the following language:

"Like the Workmen's Compensation Act, [ch. 655] applies only to a limited class of injured persons. Both laws modify the common law procedures for redress of personal injuries." *State ex rel. Strykowski v. Wilkie,* 81 Wis. 2d at 509.

For worker's compensation purposes, *Black's Law Dictionary* defines "personal injury" as "any harm or damage to the health of an employee." *Black's Law Dictionary* 707 (5th ed. 1979). Thus, it seems clear to us that the legislature contemplated that ch. 655 claims would involve some "harm or damage to the health" of a patient. We believe that this is further supported by the language of sec. 655.04 referring to "bodily injury."

We also find support for our position in the language utilized in conjunction with the ambiguous terms. Sections 655.007 and 655.04, respectively, refer to "injury or death" and "bodily injury or death." As we stated above, the statutory language itself is the primary source for statutory construction. *State v. Derenne,* 102 Wis. 2d 38. In *State ex rel. Tilkins v. Board of Trustees,* 253 Wis. 371, 373, 34 N.W.2d 248 (1948), this court stated, "In determining the meaning of any single phrase of a statute it is necessary to look at it in the light of the whole of the statute." Since the words "injury" and "death" are used together, we conclude that the legislature intended injury to refer to those injuries involving actual bodily harm, and not simply to any legally recognized injury.

Further, the payment scheme under ch. 655 supports this position. Section 655.015 provides for the delayed disbursement of future medical expense awards of greater than $25,000. As the *Strykowski* opinion stated, "This procedure was obviously intended for the benefit of the

claimant with substantial injuries requiring *long-term treatment.*" *State ex rel. Strykowski v. Wilkie,* 81 Wis. 2d at 510. (Emphasis added.) Thus, it appears clear to us that the legislature had *bodily injuries* requiring future treatments in mind when it enacted this chapter.

Dr. Yee argues that limiting the claims of ch. 655 to those involving bodily injury is utilizing the *expressio unius est exclusio alterius* maxim, or the doctrine of express mention and implied exclusion, to defeat the legislative intent. *State ex rel. West Allis v. Milwaukee L., H. & T. Co.,* 166 Wis. 178, 182, 164 N.W. 837 (1917). We disagree. We feel that such an interpretation comports with the intent of the legislature.

We also believe that because this third-party claim arose from a contract case between Northwest General Hospital and Griffin, and was not initiated as a malpractice action against Dr. Yee, ch. 655 does not require submission of the claim to the patients compensation panel. As this court noted in the *Strykowski* decision, ch. 655 was enacted in response to a perceived economic and social crisis, based upon the circumstances surrounding the increasing incidence of medical malpractice litigation and the detrimental effects of this upon health care. The *Strykowski* opinion noted that "the law applies to all *victims* of health care providers as described therein." *State ex rel. Strykowski v. Wilkie,* 81 Wis. 2d at 509. (Emphasis added.) It was passed to modify common law procedures for redress of personal injuries. *Id.* We find no indication that the legislature envisioned the patients compensation panel as a forum for patients and health care providers, such as Northwest General Hospital, to litigate the necessity, reasonableness, and propriety of a bill for medical care services.

Finally, Griffin argues that the statute of limitations associated with malpractice claims brings about an in-

equitable result if claims such as the instant one fall within the purview of ch. 655. In *Mortenson v. Miller,* 99 Wis. 2d 209, this court held that the three-year statute of limitations applies to medical malpractice claims within the realm of ch. 655.[4] However, Northwest General Hospital has six years within which to bring an action upon the contract to collect fees for medical services rendered to Griffin. Section 893.43, Stats.[5] Although the third-party plaintiff in the instant case is merely disputing the appropriateness of the services under this particular contract for medical services, she cannot successfully litigate her claim against Northwest General Hospital concerning the reasonableness of the services if she is barred from bringing a complaint against the party responsible in the first place for prescribing hospitalization because the three-year period had passed before the hospital commenced the suit. For this additional reason, we believe that Griffin's claim is outside the realm of ch. 655 and should be treated as part of an action on a contract with Northwest General Hospital.

In summary, we hold that ch. 655 is inapplicable to Griffin's claim against Dr. Yee where the third-party claim arises from an action upon a contract to recover fees for medical services in which the appropriateness of these services is disputed, and where no bodily injury resulting from the doctor's action is alleged. The decision of the court of appeals affirming the circuit court's judgment dismissing the complaint is reversed, and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

[4] Currently, the applicable statute is sec. 893.54, Stats., which reads: "Injury to the person. The following actions shall be commenced within 3 years or be barred: (1) An action to recover damages for injuries to the person. . . ." At the time the plaintiff was treated by the defendant, sec. 893.205, 1977, was in effect.

[5] Previously sec. 893.19(3), Stats. 1977.

*By the Court.*—The decision of the court of appeals is reversed; the judgment of the circuit court for Milwaukee county is reversed; and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.